IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANI PEASE § | | |
| on behalf of herself individually, § | | |
| and ALL OTHERS SIMILARLY § | | |
| SITUATED § | | Civil Action No. |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | COLLECTIVE ACTION |
| § | | (JURY TRIAL) |
| SHIPRA ENTERPRISE INC. D/B/A § | | |
| MONTESSORI SCHOOL § | | |
| Defendant. § | | |
| § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Shipra Enterprise Inc. d/b/a Montessori School does not pay its Assistant Managers or Care Givers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Shipra Enterprise Inc. d/b/a Montessori School improperly pays its Managers and Care Givers straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Shani Pease, and the other Assistant Directors and Caregivers are entitled to recover unpaid overtime as well as other damages.

### JURISDICTION AND VENUE

2. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

1

3. Venue is proper because Shipra Enterprise Inc. d/b/a Montessori School is headquartered in Houston Texas and many of the relevant facts occurred there.

## PARTIES

4. Shani Pease works for Shipra Enterprise Inc. d/b/a Montessori School as an Assistant Director and Care Giver. Her written consent is attached.

5. Shipra Enterprise Inc. d/b/a Montessori School is a Texas company with locations in Houston, Texas. Montessori School employees routinely engage in providing childcare and educational needs to students attending Montessori Schools. Said employees are trained in the Montessori principles of education, a process in which employees engage in educational activities with the students. The type of work performed by Montessori School employees is non-exempt under the FLSA. Shipra Enterprise Inc. d/b/a Montessori School is therefore obligated to pay its non-exempt employees overtime under the FLSA.

6. The "FLSA Class Members" are all Assistant Directors and Caregivers who work or worked for Shipra Enterprise Inc. d/b/a Montessori School while not being paid time and a half for overtime hours worked in the last 3 years.

## FACTS

7. Shani Pease is an employee of Shipra Enterprise Inc. d/b/a Montessori School.

8. Shani Pease is not an independent contractor.

9. No exemption to the provisions of the FLSA excused defendant from its obligation under the FLSA to pay Shani Pease time and a half for the hours worked past forty (40) each week while employed by defendant.

10. Shipra Enterprise Inc. d/b/a Montessori School (Montessori School) paid Plaintiff Shani Pease straight time, not time and a half, for the hours she worked above forty (40) during her employment with defendant.

11. Ms. Shani Pease's job duties include overseeing infants ages 0-3, setting schedules, fixing time sheets and submitting schedules and timesheets for defendant.

12. The work performed by Plaintiff is the primary type of work that the company provides for its customers.

13. The work performed by Plaintiff is an essential part of the services provided for Defendant's Customers.

14. Montessori Schools' Assistant Directors and Caregivers rely on the company for their work.

15. Shipra Enterprise Inc. d/b/a Montessori School determined where its Assistant Directors and Caregivers worked and how they performed their duties.

16. Shipra Enterprise Inc. d/b/a Montessori School sets Assistants Directors and Caregivers' hours and requires them to report to work on time and leave at the end of their scheduled hours.

17. Shipra Enterprise Inc. d/b/a Montessori School Assitant Directors and Caregivers work exclusively for Shipra Enterprise Inc. d/b/a Montessori School. Since they work between 9 and 10 hours a day, as a practical matter, they cannot work anywhere else.

18. Assistant Directors and Caregivers are not permitted to hire other workers to perform their jobs for them.

19. The Assistant Directors and Caregivers do not employ staff, nor do they maintain independent places of business.

20. Assistant Directors and Caregivers are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Shipra Enterprise Inc. d/b/a Montessori School each day. The Assistant Directors and Caregivers cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by Shipra Enterprise Inc. d/b/a Montessori School .

21. Shipra Enterprise Inc. d/b/a Montessori School pays Assistant Directors and Caregivers in return for their labor.

22. Shipra Enterprise Inc. d/b/a Montessori School deducted taxes from the paychecks of Plaintiff and similarly situated employees.

23. Shipra Enterprise Inc. d/b/a Montessori School keeps records of the hours it instructed its Assistant Directors and Caregivers to work. It also keeps records of the amount of pay plaintiffs and putative class members receive. Plaintiffs and putative class members were paid directly via bi-weekly pay check issued to them from Shipra Enterprise Inc. d/b/a Montessori School.

24. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendant paid them straight time instead of time and a half for the overtime hours that they worked.

25. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

### COLLECTIVE ACTION ALLEGATIONS

26. I addition to Shani Pease, defendant employed dozens of other Assistant Directors and Caregivers who worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members

4

performed the job duties described above and they were subjected to the same unlawful policies.  The FLSA Class Members are similarly situated to Shani Pease.

27. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  Therefore, the class is properly defined as:

**All Assistant Directors and Caregivers who worked for Shipra Enterprise Inc. d/b/a Montessori School while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

28. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Shipra Enterprise Inc. d/b/a Montessori School violated the FLSA.

29. Shipra Enterprise Inc. d/b/a Montessori School owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

30. Shipra Enterprise Inc. d/b/a Montessori School  knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA.  Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

31. Shipra Enterprise Inc. d/b/a Montessori School owes Plaintiff and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

32. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

            Respectfully submitted:

            THE FOLEY LAW FIRM
            <u>By:</u> */s/ Taft L. Foley II*
            Taft L. Foley, II
            Federal I.D. No. 2365112
            State Bar No. 24039890
            3003 South Loop West, Suite 108
            Houston, Texas 77054
            Phone: (832) 778-8182
            Facsimile: (832) 778-8353
            Taft.Foley@thefoleylawfirm.com

            **ATTORNEYS FOR PLAINTIFFS**