IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANI PEASE | § | |
| on behalf of herself individually, | § | |
| and ALL OTHERS SIMILARLY | § | |
| SITUATED | § | Civil Action No. 4:17-cv-00067 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | COLLECTIVE ACTION |
| | § | (JURY TRIAL) |
| SHIPRA ENTERPRISE INC. D/B/A | § | |
| MONTESSORI SCHOOL | § | |
| Defendant. | § | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, Shani Pease and Defendant, Shipra Enterprise Inc. d/b/a Montessori School, through their counsel of record, move this Court for an Order approving the Settlement Agreement attached as Exhibit A and in support would show as follows:

The Parties respectfully submit this Motion should be granted because the proposed Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute. The Settlement Agreement, was the product of the exchange of information and arms-length negotiations by experienced counsel, and provides monetary compensation to Plaintiff and eliminates the risks both sides would bear should this litigation continue.

As set forth in detail in the attached Agreement, filed under seal, the Parties reached settlement on behalf of Plaintiff Shani Pease. Payment to Plaintiff Shani Pease will be subject to applicable taxes and withholdings and Defendant shall issue Plaintiff an IRS Form W-2 reflecting such payment. Defendant will also make a payment, on behalf of Plaintiff Shani Pease, to Plaintiff's attorney.

Both payments shall be delivered to Plaintiff's counsel. The Agreement provides that Plaintiff's counsel shall assume responsibility for managing disbursements and assume all associated costs.

A bona fide dispute exists between the Parties. Plaintiff filed her complaint on behalf of herself and others similarly situated and alleged that Defendant violated the FLSA because Plaintiff was an employee and Defendant failed to pay overtime wages. All Opt-In Plaintiffs have filed their Withdrawal of Consent and are no longer a party to this lawsuit. Defendant has denied Plaintiff's allegations. Defendant also maintained that even if the classification was erroneous, any possible violation was perpetrated in good faith, and was not willful.

If Plaintiff's allegations were ultimately correct, Defendant would be faced with the prospect of a monetary judgment in favor of Plaintiff, as well as an obligation to pay attorney fees and costs incurred by Plaintiff. If Defendant's arguments were correct, then Plaintiff would face no recovery. The Parties on both sides were represented by able counsel throughout this litigation.

The Settlement Agreement eliminates the inherent risks both sides would bear if this litigation continued to resolution on the merits. Such negotiations allowed the Parties to bridge the significant gap between the Parties' settlement positions and obtain the resolution described.

Under these circumstances, a presumption of fairness attaches to the proposed settlement. *See Lynn's Food Stores, Inc.,* 679 F.2d at 1354 (recognizing Courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

The attorneys' fees are reasonable and fair. Attorney Taft Foley is a reputable attorney with experience in wage and hour claims under the FLSA. Defendant agrees that a fee of $500 per hour represents a reasonable hourly rate for a similar attorney in the relevant legal community. The attorney's fees charged by Mr. Foley are consistent with the Loadstar Method.

Five hundred dollars ($500.00) per hour is a rate consistent with what an attorney with a similar reputation would charge in Houston, Texas.  Twenty-Seven hours was spent by Attorney Foley on this case, but in order to facilitate a mutually satisfactory resolution, Mr. Foley has agreed to reduce his billed hours to Four point eight (4.8) hours. The time billed by attorney Foley was not excessive, redundant, or otherwise unnecessary and his time was adequately documented.

The Parties believe that the terms and conditions of the Agreement are fair, reasonable, adequate, beneficial, and in the best interests of all parties. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs of delay associated with trial and potential appeal. For the foregoing reasons, the Parties respectfully request that the Court enter an order approving their Settlement Agreement and dismiss this lawsuit with prejudice. A proposed order is attached for the Court's consideration.

Respectfully Submitted,

/s/ Taft L. Foley II
Taft Foley, II
SBN: 24039890
FBN: 2365112
THE FOLEY LAW FIRM
3003 South Loop West, Suite 108
Houston, Texas
Tel: 832-778-8182
Fax: 832-778-8353
ATTORNEY FOR PLAINTIFF

/s/ Amanda Lenice Gutierrez
Weycer Kaplan Pilaski and Zuber
SBN: 24074335
FBN: 1402505
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046
Tel:  713-961-9045
Fax: 713-961-5341
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2017, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system which will serve as notice to the electronic mail Notice List.

/s/ Taft L. Foley II

Taft Foley II